UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| NAMON B. CONLEY, JR., | CASE NO. 1:06 CV 1546 |
| Petitioner, | JUDGE JAMES S. GWIN |
| v. | |
| | MEMORANDUM OF OPINION |
| CARL ANDERSON, | AND ORDER |
| Respondent. | |

On June 22, 2006, petitioner pro se Namon B. Conley, Jr. filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Conley is incarcerated in an Ohio penal institution, having been convicted on August 24, 2001, pursuant to a no contest plea, of aggravated vehicular assault (2 counts). His 2001 direct appeal was dismissed for want of prosecution. In June 2005, Conley filed a postjudgment motion which was denied by the trial court. That decision was affirmed by the Ohio Court of Appeals on the ground that the motion was well outside the 180 day time limit to file it and that it was barred by the doctrine of res judicata.[1] The petition also reflects that a motion to reopen Conley's appeal was denied on February 22, 2006. For the reasons stated below, the

---

[1] See, State v. Conley, No. 05CA0057, 2005 WL 3117204 (Medina Cty. App. Nov. 23, 2005).

petition is denied and this action is dismissed.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States.  Furthermore, the petitioner must have exhausted all available state remedies.  28 U.S.C. § 2254.  Finally, persons in custody pursuant to a state court judgment must file any federal habeas petition within one year of the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

It is evident on the face of the petition that almost five years passed from the date of his conviction to the filing of Conley's petition.  His 2005 postconviction motion and motion to

reopen his appeal, which were procedurally barred in any event, cannot "retrigger" the statute of limitations, under these circumstances, for bringing a federal habeas action.  Thompson v. Chandler, 55 Fed.Appx. 758, 2003 WL 343249 (6th Cir. Feb. 12, 2003); Robinson v. Moore, No. 00-4348, 20 Fed.Appx. 358, 2001 WL 1136056 (6th Cir. Sept. 19, 2001); cf. Searcy v. Carter, 246 F.3d 515 (2001)(delayed appeal to Ohio Supreme Court).  Further, none of the other circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no reasonable suggestion of a basis for tolling the one year statute of limitations.  Therefore, the petition must be dismissed as time-barred.

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

Date: 8/16/06                         s/James S. Gwin
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE